.            IN THE UNITED STATES DISTRICT COURT FOR THE
                    SOUTHERN DISTRICT OF ALABAMA
                           SOUTHERN DIVISION

TERRANCE TAYLOR,                    :

    Plaintiff,                      :

vs.                                 :       CIVIL ACTION 09-0079-WS-N

RICHARD ALLEN, et al.,              :

    Defendants.                     :


                       REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding pro se and in forma pauperis, filed a complaint under 42 U.S.C. § 1983. This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). It is recommended that this action be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. §1915(e)(2)(B)(i) as frivolous.

I.  Nature of Proceedings.

Plaintiff commenced this action by filing his claims on an outdated complaint form. (Doc. 1). He was ordered to file an amended complaint on the Court's current complaint form and was informed that the amended complaint would supersede his original complaint. (Doc. 3). In this amended complaint (Doc. 4), plaintiff names as defendants Richard Allen, Commissioner of the Alabama Department of Corrections, Charles Graddick, Mobile County Circuit Court Judge, and John Tyson, Mobile County District Attorney. From them he seeks only his "release . . . from the cruel and unusual

confinement and sentence." (Doc. 4 at 7)

Plaintiff's claims are contained in a one-page attachment to the amended complaint wherein he maintains that his ten-year sentence and fourteen, consecutive life sentences violate the Eighth and Fourteenth Amendments "because the sentences are illegal, unnecessary and constitute cruel and unusual punishment." (Id. at 8.). In addition, he claims that the conditions of confinement to which he is subjected by defendant Allen violate the Eighth and Fourteenth Amendments because he is not being provided with "adequate shelter, food, sanitation, reasonable safety and protection, rehabilitation assistance and living space, which meet the minimum standards under the 8th and 14th amendments of the U.S. Const." As a result defendant Allen "has exposed him to potential serious physical and mental injuries." (Id.).

II.   Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because the plaintiff in this action is proceeding in forma pauperis, the Court is reviewing the amended complaint (Doc. 4) under 28 U.S.C. § 1915(e)(2)(B).[1] Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A claim is frivolous as a matter of law where, inter alia, the defendants are immune from suit, id. at 327, 109 S.Ct. at 1833, or the claim seeks to

---

[1] The frivolity and the failure-to-state-a-claim analysis contained in Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed2d 338 (1989), was unaltered when Congress enacted 28 U.S.C. § 1915(b)(2)(B) in 1996. Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), cert. denied, 534 U.S. 1044 (2001). However, dismissal is now mandatory under § 1915(e)(2)(B). Bilal, 251 F.3d at 1348-49.

enforce a right that clearly does not exist. Id.

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937,1948, 173 L.Ed.2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, ___ U.S. at ___, 129 S.Ct. at 1949.

When considering a pro se litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney. Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595-596, 30 L.Ed2d 652 (1972). However, the Court, does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998). Furthermore, a pro se litigant "is subject to the

3

relevant law and rules of court including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

III.  Analysis.

Plaintiff's amended complaint is brief and extremely conclusory. No facts are provided by plaintiff to support his conclusions that his sentences and that his conditions of confinement violate the Constitution. For example, "illegal, unnecessary and constitute cruel and unusual punishment" are not facts, but rather, conclusions. Likewise, "adequate shelter, food, sanitation, reasonable safety and protection, rehabilitation assistance and living space, which meet the minimum standards under the 8th and 14th amendments of the U.S. Const." are not facts but conclusions. The absence of facts prevents the Court from drawing the conclusion that a plausible claim has been stated against a defendant  Ashcroft, ___ U.S. at ___, 129 S.Ct. at1948. Thus, plaintiff has failed to state a claim upon which relief can be granted.

However, the overriding reason for finding that the amended complaint is deficient is plaintiff's request for his release in a § 1983 action. (Id. at 7, 8). Release from incarceration cannot be obtained in a § 1983 action. Abella v. Rubino, 63 F.3d 1063, 1066 (11the Cir.1995) ("declaratory or injunctive relief claims which are in the nature of habeas corpus claims-i.e., claims which challenge the validity of the claimant's conviction or sentence and seek release-are simply not cognizable under § 1983."). "'[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release.'" Id. (quoting Heck v.

4

Humphrey, 512 U.S. 477, 481, 114 S.Ct. 2364, 2369, 129 L.Ed.2d 383 (1994)). In regard to his claims based on the conditions of confinement, release is not an available remedy in a § 1983 action. Fernandez v. United States, 941 F.2d 1488, 1494 (11th Cir. 1991); Gomez v. United States, 899 F.2d 1124, 1126 (11th Cir. 1990). Thus, plaintiff's request for release in this action is without legal merit and, as a consequence, this action is rendered frivolous.[2]

IV.  Conclusion.

Based upon the foregoing reasons, it is recommended that this action be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. §1915(e)(2)(B)(i) as frivolous.

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

---

[2]After an examination of the Court's docket for other actions brought by plaintiff, the Court discovered that he previously filed a habeas petition in Taylor v. Wise, CA 08-0632-KD-C (S.D. Ala. Feb. 12, 2009). The petition form was sparsely filled in with an attachment being used to convey most information to the Court. (Doc. 1 at 14). This attachment is virtually identical to the amended complaint's attachment, which was also attached the original § 1983 complaint.
   The habeas petition challenged Taylor's convictions rendered on or about July 15, 1997 for one count of receiving stolen property, first-degree, three counts of robbery, first-degree, two counts of kidnapping, first-degree, three counts of rape, first-degree, and six counts of sodomy, first-degree. (Doc. 8 at 2). Magistrate Judge Cassady recommended the petition be dismissed because it was untimely filed and equitable tolling did not apply. (Id. at 13-14). Magistrate Judge Cassady noted that by these rulings he was prohibited from reaching the merits of the petition and that a habeas corpus action was not the vehicle to attack Taylor's conditions of confinement, but Taylor would have to bring such claims in a § 1983 action. (Id. at 14-15).

DONE this 24th day of February, 2010.

                                    /s/ Katherine P. Nelson
                                    **KATHERINE P. NELSON**
                                    **UNITED STATES MAGISTRATE JUDGE**

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND <u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

l.   **Objection**.  Any party who objects to this recommendation, or anything in it, must, within fourteen days of the date of service of this document, file specific written objections with the Clerk of this Court.  Failure to do so will bar a <u>de novo</u> determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  <u>See</u> 28 U.S.C. § 636(b)(1)(C); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988); <u>Nettles v. Wainwright</u>, 677 F.2d 404 (5th Cir. Unit B, 1982)(<u>en banc</u>).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within fourteen days[3] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de novo</u> and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Transcript (applicable Where Proceedings Tape Recorded)**.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[3]Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]"  Fed.R.Civ.P. 72(b)(2).

7